UNITED STATES

v.

Johnny M. BAZAN, 467 11 1178, Private (E–1), U. S. Marine Corps.

NCM 78 1837.

U. S. Navy Court of Military Review.

Sentence Adjudged 31 Aug. 1978.

Decided 17 May 1979.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

PER CURIAM:

Appellant pleaded guilty to negligent homicide. During the inquiry into the providency of that plea, the military judge apprised appellant of the elements of the offense as follows:

Q. Okay. And then you admit by your plea of guilty that the victim in this case, Private First Class L. M. GONZALES, is in fact dead, and that his death resulted from the act of you at the time and place alleged.

In other words, that Private GONZALES' death resulted from your negligently operating a motor vehicle while under the influence of alcohol and while driving too fast for conditions.

In other words, that was the act that led to the death of Private GONZALES. And that the killing of Private GONZALES by you was unlawful; that is, without justification or excuse. And that such act committed by you, which caused the death, constituted simple negligence, and I'll define simple negligence for you now.

It is an act or omission of a person who is under a duty to use due care which exhibits a lack of that degree of care for the safety of others which a reasonable, prudent man would have exercised under the same or similar circumstances. Do you understand that definition?

A. Yes, sir.

Q. And that under the circumstances, your conduct was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. Those are the elements of the offenses of the Charge of negligent homicide which has been brought against you today. Do you understand those elements?

A. Yes, sir.

The military judge thereafter elicited from appellant the following facts: Appellant was driving his automobile while under the influence of alcohol, ten to fifteen miles per hour over the speed limit. As a result, he was unable to negotiate a curve. He hit the side of a hill, a tire blew out, and the car, out of control, careened down an embankment and turned over. The passenger, Gonzales, was killed.

Appellant correctly asserts that the military judge did not ask the appellant specifically: 1) Whether the killing of PFC Gonzales was unlawful; 2) whether the acts or omissions of the appellant constituted simple negligence; and 3) whether the acts or omissions were prejudicial to the good order and discipline in the Marine Corps or were of a nature to bring discredit upon the armed forces. Appellant concludes that the military judge's inquiry failed to satisfy the requirements of *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), that the record therefore fails to show that appellant's pleas were provident, and that the pleas and findings must be set aside. We do not agree.

The military judge's inquiry established the factual basis for appellant's plea. The facts elicited from appellant proved every element of the offense. The military judge is not required to elicit from the accused the latter's conclusions of law, as long as the facts developed support the conclusions of law and it is clear that the accused believes the facts and believes that he is guilty. *See United States v. King,* 6

M.J. 927 (A.F.C.M.R.1979); *United States v. Small,* No. 78 1223 (NCMR 27 March 1979); *United States v. Martes,* No. 78 1284 (NCMR 25 January 1979). The facts provided by appellant "make clear the basis for a determination by the military trial judge . . . [that] the acts or the omissions of the accused constitute the offense . . . to which he is pleading guilty." *United States v. Care, supra* at 541, 40 C.M.R. at 253. Furthermore, it is clear that the appellant understood the elements of the offense and believed that he was guilty based on these elements and the facts. The requirements of *United States v. Care* were satisfied.

The findings and sentence are affirmed.

Senior Judge BAUM and Judge MICHEL and Judge GRANGER concur.