**UNITED STATES, Appellee,**

v.

**Private E–1 David W. JOHNSON, SSN 290–54–6243, United States Army, Appellant.**

**CM 440250.**

U. S. Army Court of Military Review.

23 Nov. 1981.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Charles A. Byler, JAGC, and Captain Courtney B. Wheeler, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, and Major John T. Meixell, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

On the 16th of May 1980, the appellant was charged with raping a female member of the Army. An Article 32 investigation was held and the case was referred to trial by general court-martial on 20 June 1980. The appellant on 2 July was charged with raping a civilian on 28 June. Another Article 32 investigation was held on 7 August and those charges were also referred to trial by general court-martial. The appellant was represented at both investigations by Captain Frank M. Smith, a member of the United States Army Trial Defense Service. At trial, Captain Smith was detailed as defense counsel and Captain George L. Hancock, also a member of the Trial Defense Service, was detailed as assistant defense counsel.

During the first week of August 1980, the appellant wrote a letter to Lawrence Smith, a civilian attorney, requesting that he represent him at his trial. At the time of the initial Article 39(a), 10 U.S.C. § 839(a) hearing on 11 August, the appellant had not heard from Mr. Smith. Accordingly, when advised of his rights to counsel, the appellant stated that he desired to be represented by military counsel.

On 14 August 1980, the date the trial was scheduled to begin, Mr. Smith appeared in court, spoke with the appellant, and was retained by him. When Mr. Smith announced that he was not prepared to proceed to trial at that time, the military judge, Colonel Fred Bright, set a trial date of 2 September, a time that was agreeable to all. On 28 August, another Article 39(a) session was held at which Mr. Smith requested a further continuance, asserting that he would not be prepared to commence the trial on 2 September. Mr. Smith contended that certain witnesses he wished to subpoena were out of the jurisdiction and because of administrative problems he was experiencing difficulties in talking with the appellant. The military judge, who now was Colonel Jack Marden, denied the motion. He did, however, direct the Government to insure that Mr. Smith have access to the appellant, who was in pretrial confinement, and to make the local witnesses available to the defense. This was accomplished.

Mr. Smith renewed the motion on 2 September, requesting a continuance until 18 September. This time, he indicated that he had learned of some potential witnesses, two of whom were stationed in Germany, who had not been interviewed by anyone. He also contended that a member of the prosecution had interfered with his at-

tempts to interview one of the victims.[1] The military judge again denied the motion and the trial continued. The appellant was convicted of both specifications of rape in violation of Article 120 of the Uniform Code of Military Justice, 10 U.S.C. § 920. His sentence to be confined at hard labor for five years and to be discharged from the service with a bad-conduct discharge was approved by the convening authority.

The appellant contends that he was denied the effective assistance of counsel by the military judge's denial of the motion for continuance. Article 40 of the Code, 10 U.S.C. § 840 provides that the military judge "may, for reasonable cause, grant a continuance to any party for such time, and as often, as may appear to be just." The burden is on the moving party to justify the motion. *See United States v. Nichols*, 2 U.S.C.M.A. 27, 36, 6 C.M.R. 27, 36 (1952). The granting or denial of such a motion is within the sound discretion of the military judge. Reversal is required only when there has been an abuse of that discretion to the prejudice of the accused. *United States v. Kinard*, 21 U.S.C.M.A. 301, 45 C.M.R. 74 (1972); *United States v. Daniels*, 11 U.S.C.M.A. 22, 28 C.M.R. 276 (1959).

Our review of the proceedings convinces us that the defense did not justify its request for a continuance. Mr. Smith's initial complaint that he had difficulty meeting with the appellant and interviewing witnesses was obviated in part by the judge's action in directing the Government to give counsel access to the appellant and to make the local witnesses available. As to the potential witnesses alluded to by Mr. Smith on 2 September, there was no showing of materiality. In fact, they were never requested to appear at trial.

Under the circumstances, we are satisfied that the judge did not abuse his discretion in denying the motion and that the appellant was not denied the effective assistance of counsel. Military counsel were familiar with the case and were prepared to go to trial. Civilian counsel was granted one continuance from 14 August to 2 September, a date that was agreeable to him at the time. Acting on this representation, the Government arranged to have the necessary witnesses available for that date. This included bringing the civilian victim from Pennsylvania, holding two witnesses scheduled to depart for Germany, bringing another witness from Germany, and retaining another witness on active duty. In any event, we are satisfied that the appellant suffered no prejudice from the denial. He was aggressively defended by Mr. Smith and the two military counsel, who made several motions, conducted vigorous cross-examination, and presented extensive oral argument.[2] Moreover, the appellant does not contend that had the potential witnesses testified, the results would have been different.

The appellant also contends that the Government improperly advised one of the rape victims that she was entitled to have a member of the prosecution present during interviews with the defense counsel. In *United States v. Enloe*, 15 U.S.C.M.A. 256, 35 C.M.R. 228 (1965), the Court of Military Appeals held that the Government cannot require a third party to be present when the defense interviews a witness. In the instant case, the victim did refuse to talk with the defense counsel in the absence of the prosecutor. Contrary to the defense contention, however, there is no evidence that the Government imposed any such condition. Rather, the record reveals that the witness herself requested the presence of the prosecutor. The appellant's contention is without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge CARNE and Judge FOREMAN concur.

---

1. The military judge inquired into this allegation and determined it was without merit. We agree.

2. After the military judge denied the defense motion for continuance on 2 September, the appellant informed the judge that he wished to dismiss Captain Smith as his detailed counsel. The judge refused the request and directed Captain Smith to remain and act and assist as desired by the appellant.