### UNITED STATES

v.

**Andrew S. COFFMAN, Lance Corporal (E–3), U.S. Marine Corps.**

### NMCCA 200401776.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 19 Nov. 2003.

Decided 22 Feb. 2006.

---

LT Anthony S. Yim, JAGC, USNR, Appellate Defense Counsel.

LCDR Brian Bouffard, JAGC, USNR, Appellate Defense Counsel.

Maj Kevin Harris, USMC, Appellate Government Counsel.

LCDR Monty Miller, JAGC, USNR, Appellate Government Counsel.

Before DORMAN, Chief Judge, CARVER, Senior Judge, and VOLLENWEIDER, Appellate Military Judge.

DORMAN, Chief Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of a false official statement and larceny. The appellant's crimes violated Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921. The adjudged and approved sentence consists of a bad-conduct discharge, confinement for 45 days, and reduction to pay grade E–1. In taking action the convening authority waived automatic forfeiture of pay for 6 months from the date of the action.[1]

This case was initially submitted without assignment of error. In our initial review of the record, we specified an issue to counsel concerning whether the appellant's guilty plea to larceny was provident. We have carefully considered the record of trial, and the briefs submitted by counsel in response to the specified issue. We conclude that the appellant's plea to larceny was not provident. Following our corrective action we conclude that there are no remaining errors that are materially prejudicial to the appellant's substantial rights. Arts 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

---

1. The reason for waiving the automatic forfeiture is not clear from the record. Under Articles 57(a) and 58b, UCMJ, 10 U.S.C. §§ 857(a) and 858b, the appellant would have been subject to automatic forfeiture of two-thirds of his base pay beginning 14 days after the date the sentence was adjudged, except that by the terms of the pretrial agreement the convening authority had deferred automatic forfeiture of pay until the date of the convening authority's action. It took the convening authority over a year to take action in this case. Thus, since by the date of the action the appellant had already served his confinement and was no longer confined, the appellant was no longer subject to an automatic forfeiture of pay. Furthermore, the pretrial agreement itself approved both the deferral and waiver of automatic forfeiture of pay.

## Providence Inquiry

The appellant pleaded guilty to the theft of several items of special operations equipment, such as a force vest, canteen covers, and a duty belt (hereinafter referred to as "gear"). The total value of the stolen gear exceeded $500.00. The gear belonged to another Marine. There is no stipulation of fact concerning what the appellant did to assist in evaluating whether a factual basis for the guilty plea exists. A summary of the providence inquiry follows:

The appellant was serving in Al Hillah, Iraq, when he took the gear he was charged with stealing. The gear was located in an open box, and, at the time he took it, the appellant did not know who owned the gear. The appellant found the box in a room that he and others had been told to clean out in preparation for another platoon's arrival. Unit personnel had previously used this room to store their packs. The room contained several boxes that they had been instructed to dispose of, including the box containing the gear. As they cleaned out the room, they discovered items that were never picked up by their owners and appeared to have been left behind for trash. The appellant took the box from a room where unit personnel had been storing their packs and he brought it to his rack. There was no name on the gear, but the appellant knew it did not belong to him. The appellant was the first one to find the box containing the gear. The appellant also knew that the items should not have been discarded. He went up and down the passageway asking whether anyone had left a box of gear in the room. He asked almost the entire platoon. When he could not determine who owned the gear, he decided to use it himself.

The appellant used the gear for about a month while going on patrols. The use continued until his section leader confronted him about whether the gear belonged to him. Initially, the appellant told the section leader that he had purchased the gear. This false statement was prosecuted under Article 107, UCMJ. The appellant did not learn who owned the gear until after he had surrendered it. The owner was a member of the appellant's battalion, and the appellant was acquainted with him. The appellant informed the military judge that if he had not been confronted by the command, he would have continued to use the gear.

As the providence inquiry continued, the appellant then answered "yes" or "no" to a series of questions dealing with the legality of his actions. He admitted that he knew it was wrongful to take the gear, that the gear was not abandoned, that he intended to permanently deprive the owner of the gear, that he had no legal justification or excuse for his actions, and that he took and retained the gear with a criminal state of mind. Record at 13–22.

Due to the substance of the providence inquiry we specified the following issue:

Whether the appellant's guilty plea to larceny was provident where, during the providence inquiry, the appellant told the military judge that: 1) he found the items he allegedly stole in a room he had been ordered to clean out; 2) there were items in the room "that people just never went and got. They just left it there for trash" (Record at 19); 3) he had been ordered to get rid of the gear in the room and the allegedly stolen items were in one of the boxes in the room; and, 4) he had attempted to determine the owner of the gear?

N.M.Ct.Crim.App. Order of 2 Mar 2005. The appellant now argues that his plea is improvident because the military judge failed to adequately inquire into the "apparent defense of ignorance or mistake of fact as to whether the gear … was abandoned, lost, or mislaid." Appellant's Brief of 31 May 2005 at 6 (footnote omitted). The Government counters, following a recapitulation of the content of the providence inquiry, that the pleas are provident, with no discussion of the law concerning abandoned, lost or mislaid property. *See* Government's Answer of 24 Aug 2005.

 The law is well-settled as to the requirements for the acceptance of a guilty plea. A military judge may not accept a guilty plea to an offense without inquiring into its factual basis. Art. 45(a), UCMJ, 10 U.S.C. § 845(a); *United States v. McCrimmon*, 60 M.J. 145, 152 (C.A.A.F.2004); *Unit-*

ed States v. Care, 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969). Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F.1996); *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). Mere conclusions of law recited by the accused are insufficient to provide a factual basis for a guilty plea. *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F.2002); *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F.1996)(citing *United States v. Terry*, 45 C.M.R. 216, 1972 WL 14158 (C.M.A.1972)). The accused "must be convinced of, and able to describe all the facts necessary to establish guilt." RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.), Discussion. Acceptance of a guilty plea requires the accused to substantiate the facts that objectively support his plea. *United States v. Schwabauer*, 37 M.J. 338, 341 (C.M.A.1993)(citing *Davenport*, 9 M.J. at 367); R.C.M. 910(e).

 A military judge may not "arbitrarily reject a guilty plea." *United States v. Penister*, 25 M.J. 148, 152 (C.M.A.1987)(citing *United States v. Johnson*, 12 M.J. 670, 673 (A.C.M.R.1981)). The standard of review to determine whether a plea is provident is whether the record reveals a substantial basis in law and fact for questioning the plea. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991). Such rejection must overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty, and the only exception to the general rule of waiver arises when an error materially prejudicial to the substantial rights of the appellant occurs. Art. 59(a), UCMJ; R.C.M. 910(j). Additionally, we note that a military judge has wide discretion in determining that there is a factual basis for the plea. *See United States v. Roane*, 43 M.J. 93, 94–95 (C.A.A.F.1995). An abuse of discretion standard is applied in reviewing the question of whether a military judge erred in accepting a guilty plea. *United*

States v. Eberle, 44 M.J. 374, 375 (C.A.A.F. 1996). In considering the adequacy of guilty pleas, we consider the entire record to determine whether the requirements of Article 45, UCMJ, R.C.M. 910, and *Care* and its progeny have been met. *Jordan*, 57 M.J. at 239.

In our review of the record, we determined that the military judge accurately listed the elements of larceny and defined the terms relevant to those elements. Record at 11–13. We also determined that the appellant indicated an understanding of the elements of the offense and that he acknowledged that they correctly described what he did. *Id.* at 13. Thereafter, the military judge conducted an inquiry with the appellant to determine whether a factual basis for the plea existed. The inquiry went well until such time as the appellant essentially informed the military judge that the gear he took had been left in the room as trash. *Id.* at 19. After that point, most of the questions asked by the military judge called for a "yes" or "no" answer, and many called for legal conclusions. *Id.* at 19–22.

 Abandoned property cannot be the subject of a larceny. *United States v. Malone*, 14 M.J. 563, 564 (N.M.C.M.R.1982);[2] *United States v. Allison*, 30 M.J. 546, 547 (A.C.M.R.1990)(citing *United States v. Santulli*, 28 M.J. 651, 652 n. 2 (A.C.M.R.1989); *United States v. Swords*, 35 C.M.R. 889, 894, 1965 WL 4760 (A.F.B.R.1965)). The appellant's statement to the military judge that the gear had been left there as trash raised the issue of mistake of fact. Furthermore, since larceny is a specific intent offense, if the appellant had an honest belief that the property was abandoned, he has a complete defense. R.C.M. 916(j); *Malone*, 14 M.J. at 565.

For a complex offense such as conspiracy, robbery, or murder, a failure to discuss and explain the elements of the offense during the providence inquiry has been held to be fatal to the guilty plea on appeal. *United States v. Pretlow*, 13 M.J. 85, 88–89 (C.M.A. 1982); *United States v. Nystrom*, 39 M.J. 698, 701–02 (N.M.C.M.R.1993). Similarly, a

---

2. *Malone* provides an excellent explanation of the legal distinctions between abandoned, lost, and mislaid property.

military judge should explain the elements of defenses, such as mistake of fact and abandonment, if raised by the appellant during the providence inquiry.[3] If during the plea inquiry an accused "reasonably raises the question of a defense," *United States v. Timmins*, 45 C.M.R. 249, 253, 1972 WL 14168 (C.M.A.1972)(concerning the mistake of fact defense), or " 'sets up matter inconsistent with the plea'... the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F.1996)(quoting Art. 45(a), UCMJ). Failure to do so can leave unresolved substantial inconsistencies in the pleas and/or raise questions concerning whether the appellant was armed with sufficient information to knowingly plead guilty. *See, e.g., United States v. Harris*, 61 M.J. 391, 398 (C.A.A.F.2005). Where the elements of an offense, or defenses, are commonly known by most servicemembers, however, it is not necessary for the military judge to explain them, if it is otherwise apparent on the record that the accused understood the elements or the defense. *See Nystrom*, 39 M.J. at 701.

In the case before us, the military judge failed to explain the mistake of fact defense to the appellant. Although the military judge did ask the appellant if he believed the gear was abandoned, he did not provide the appellant with the legal definition of abandoned property. A reading of the case law with respect to this issue makes clear that the legal significance of the term "abandoned" is not one that would be "commonly known and understood by servicemembers." *Id.*

Applying the standards of review noted above, we conclude that the record reveals a substantial basis in law and fact to question the appellant's guilty plea to larceny. Thus, we conclude that the military judge erred by failing to inform the appellant of the defense of mistake of fact and the definitions and legal significance of abandoned property. He did not adequately resolve the issue of mistake of fact. When the appellant informed the military judge that the gear had been left behind as trash, the military judge

inappropriately asked the appellant "yes" or "no" type questions that called for legal conclusions. *Jordan*, 57 M.J. at 239. By not explaining the relevant legal terms, the military judge denied the appellant the ability to make an informed decision concerning the answers he provided. In light of these errors, we conclude that the appellant's guilty pleas to Charge II and its specification are not provident.

We take this opportunity to note that the error in this case does not fall solely on the shoulders of the military judge. At the conclusion of his inquiry into the providence of the guilty plea to the specification under Charge II, he asked counsel if either desired further questioning. Both counsel said they did not. Record at 22–23. Such a reply is all too common in cases where the issue before us is the providence of the plea. Trial counsel, in particular, should be ever vigilant during the plea providence inquiry and assist the military judge by suggesting areas of further inquiry concerning the elements of the offense or potential defenses.

### Conclusion

Accordingly, the findings to Charge II and its specification are set aside. The remaining findings are affirmed. In light of our action on the findings, the case is returned to the Judge Advocate General for referral to an appropriate convening authority. That convening authority may order a rehearing with respect to Charge II and its specification and the sentence. If a rehearing is impracticable, the convening authority may reassess the sentence in accordance with the principles of *United States v. Reed*, 33 M.J. 98 (C.M.A.1991), except that upon reassessment, a bad-conduct discharge may not be approved.

Senior Judge CARVER and Judge VOLLENWEIDER concur.

---

**3.** R.C.M. 910(e), Discussion.