UNITED STATES of America

v.

Gabrhea CAUDILL, Private First Class (E–2), U.S. Marine Corps.

NMCCA 200601217.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 July 2005.

11 Sept. 2007.

For Appellant: LtCol J.S. Hogan, USMCR; LtCol Edward Durant, USMCR.

For Appellee: Lt David Lee, JAGC, USN; Lt Derek Butler, JAGC, USN; Capt Roger Mattioli, USMC.

Before GEISER, Senior Judge, MITCHELL, and BARTOLOTTO, Appellate Military Judges.

**OPINION OF THE COURT**

BARTOLOTTO, Judge:

Consistent with her pleas, the appellant was convicted by a military judge sitting as a special court-martial of two specifications of violating a lawful order, using and distribut-

ing methamphetamines, introducing methamphetamines onto a military installation with intent to distribute, obstructing justice, and communicating a threat, in violation of Articles 92, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a, and 934. The appellant was sentenced to confinement for seven months, forfeiture of $800.00 pay per month for eight months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

The appellant's single assignment of error contends the convening authority erred in failing to note whether he considered the clemency matters submitted by the appellant.[1] Appellant's Brief of 2 Nov 2006 at 2–3. Subsequently, we specified the following seven issues to counsel:

I. WHETHER THE MILITARY JUDGE ERRED BY FAILING TO EXPRESSLY DETAIL AND EXPLAIN TO THE APPELLANT THE ELEMENTS OF THE OFFENSES, OR THE DEFINITIONS OR DEFENSES APPLICABLE TO THOSE OFFENSES, TO WHICH THE APPELLANT PLED GUILTY?

II. WHETHER THE MILITARY JUDGE ERRED BY FAILING TO EXPLAIN TO THE APPELLANT THE ELEMENTS OF "AIDER AND ABETTER" UNDER ARTICLE 77 AS IT PERTAINED TO SPECIFICATION 7 OF CHARGE II AND THE SOLE SPECIFICATION UNDER THE ADDITIONAL CHARGE TO WHICH THE APPELLANT PLED GUILTY?

III. WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION BY CONDUCTING THE PROVIDENCE INQUIRY SOLELY BY READING THE VERBATIM PARAGRAPHS OF THE STIPULATION OF FACT (PROSECUTION EXHIBIT 1) AND THEN SOLICITING "YES/NO" ANSWERS FROM THE APPELLANT BASED ON THOSE PARAGRAPHS?

IV. WHETHER THE APPELLANT'S GUILTY PLEA TO SPECIFICATION 7 OF CHARGE II WAS PROVIDENT BASED ON THE FACT THE APPELLANT PLED GUILTY BY EXCEPTIONS AND SUBSTITUTIONS WHICH EXCEPTED OUT LANGUAGE THAT WAS NOT CHARGED (i.e., "1 DECEMBER 2004 AND 20 JANUARY 2005")?

V. WHETHER THE APPELLANT'S GUILTY PLEA TO THE SOLE SPECIFICATION OF THE ADDITIONAL CHARGE WAS PROVIDENT BASED ON THE FACT THE APPELLANT DID NOT ADMIT THAT THE OFFENSE WAS WRONGFUL, OR THAT IT WAS PREJUDICIAL TO GOOD ORDER AND DISCIPLINE OR WAS OF A NATURE TO BRING DISCREDIT UPON THE ARMED FORCES?

VI. WHETHER THE APPELLANT'S GUILTY PLEA TO SPECIFICATION 2 OF THE SECOND ADDITIONAL CHARGE I WAS PROVIDENT BASED ON THE FACT THE APPELLANT DID NOT ADMIT THE INCEPTION DATE OF THE ORDER AS CHARGED (i.e., 6 MAY 2005) OR THE DATES OF THE ALLEGED VIOLATION OF THE ORDER AS CHARGED (i.e., "BETWEEN ON OR ABOUT FEBRUARY 2005 TO ON OR ABOUT MAY 2005")?

VII. WHETHER THE RECORD OF TRIAL WAS PROPERLY AUTHENTICATED BY THE COURT REPORTER UNDER RULE FOR COURTS–MARTIAL 1104(a)(2)(B) BASED ON THE MILITARY JUDGE'S "RETURN TO RESERVE STATUS"?

N.M.Ct.Crim.App. Order of 24 May 2007.

The appellant now argues that her pleas were improvident because the military judge failed to explain the elements of the offenses and conducted a conclusory providence inquiry. Appellant's Brief of 20 Jun 2007 at 7–12. She also contends the record of trial was not properly authenticated.

After carefully considering the record of trial, the assignment of error, the Govern-

---

1. This assignment of error is without merit. *See United States v. Reed*, 54 M.J. 37, 42 (C.A.A.F.2000)(citing *United States v. Matias*, 25 M.J. 356, 363 (C.M.A.1987)). *See also United States v. Stephens*, 56 M.J. 391, 392 (C.A.A.F. 2002).

ment's response, and the responses submitted by the appellant and the Government to the specified issues, we conclude that the appellant's pleas to Specification 7 of Charge II (introduction of methamphetamines onto a military installation with intent to distribute) and the Additional Charge (obstructing justice) were improvident. Following corrective action in our decretal paragraph we conclude that the remaining findings and sentence are correct in law and fact and that no error remains that is materially prejudicial to the substantial rights of the appellant. *See* Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

## Improvident Pleas

The first six specified issues challenge the providence of the appellant's guilty pleas.[2]

### 1. Facts

The appellant pled guilty to, *inter alia*, the introduction of methamphetamines with intent to distribute and obstructing justice under an aiding and abetting theory. *See* Art. 77, UCMJ, 10 U.S.C. § 877. A detailed stipulation of fact explaining the offenses was admitted into evidence, and reviewed on the record. Prosecution Exhibit 1; Record at 16–18. Although the stipulation of fact addresses most of the elements of the charged offenses, it does not expressly list the elements, relevant terms, or applicable definitions. PE 1. During the providence inquiry the military judge neither read nor explained the elements, relevant terms, applicable definitions, or possible defenses for any of the offenses to which the appellant pled guilty. Record at 26, 28, 31. The military judge's inquiry consisted almost exclusively of reading the stipulation of fact to the appellant and asking the appellant whether the stated facts were true. There was no objection to

either the military judge's failure to provide and explain the elements and definitions to the appellant, or his method of conducting the providence inquiry. There was no request for any additional inquiry into the offenses.[3]

### 2. Law

■ Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists. *United States v. Faircloth,* 45 M.J. 172, 174 (C.A.A.F.1996). "The accused must admit every element of the offense(s)" to which he pleads guilty. *United States v. Simmons,* 63 M.J. 89, 92 (C.A.A.F. 2006); *see* R.C.M. 910(e), Discussion. Mere conclusions of law recited by the accused are insufficient to provide a factual basis for a guilty plea. *United States v. Jordan,* 57 M.J. 236, 239 (C.A.A.F.2002).

■ A military judge's decision to accept a guilty plea based on a factual basis is reviewed for an abuse of discretion. *United States v. Holmes,* 65 M.J. 684, 687 (N.M.Ct. Crim.App.2007). We may not set aside a plea of guilty unless there is "a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Phillippe,* 63 M.J. 307, 309 (C.A.A.F.2006)(quoting *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)). The appellant "must overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty." *United States v. Dawson,* 50 M.J. 599, 601 (N.M.Ct.Crim.App.1999); *see also* R.C.M. 910(j).

If the military judge fails to explain the elements of the offense, "he commits reversible error unless 'it is clear from the entire record that the accused knew the elements,

---

**2.** We find the military judge and the trial counsel were unavailable as defined under RULE FOR COURTS-MARTIAL 1104(a)(2)(B), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2005 ed.) and that, therefore, the record was properly authenticated. *See United States v. Gibson,* 50 M.J. 575, 576 (N.M.Ct.Crim.App.1999)("military judge's return to reserve status" is legitimate reason for substitute authentication under R.C.M. 1104(a)(2)(B)). Accordingly, we conclude this case is properly before us. *See* Arts. 54(b) and 66(c), UCMJ.

**3.** After the military judge's inquiry into the stipulation of fact, it appears trial counsel was poised to request further inquiry into the offenses (*i.e.,* "MJ: Do counsel for either side desire any further inquiry? TC: As to the stipulation of fact, no, sir."), Record at 31, but trial counsel did not raise the matter again. We remind all trial counsel to be vigilant during the providence inquiry and assist the military judge by suggesting areas of further inquiry concerning the elements or defenses.

admitted them freely, and pleaded guilty because he was guilty.'" *United States v. Redlinski,* 58 M.J. 117, 119 (C.A.A.F.2003)(quoting *United States v. Jones,* 34 M.J. 270, 272 (C.M.A.1992)). "Rather than focusing on a technical listing of the elements of an offense," our superior court "looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially." *Id.* (citations omitted).

In cases involving a complex offense such as conspiracy, robbery, murder, or accessory after the fact, a failure to discuss and explain the elements of the offense during the providence inquiry has been held to be fatal to the guilty plea. *United States v. Coffman,* 62 M.J. 676, 679 (N.M.Ct.Crim.App.2006)(citing *United States v. Pretlow,* 13 M.J. 85, 88–89 (C.M.A.1982) and *United States v. Nystrom,* 39 M.J. 698, 701–02 (N.M.C.M.R.1993)). In cases where the elements of the charged offense(s) are commonly known by most servicemembers, however, it is not necessarily fatal for the military judge to omit an express explanation if it is otherwise apparent on the record that the accused understood the elements. *Id.* at 680. Such offenses include unauthorized absence and drug use. *United States v. Chaney,* No. ACM 36138, 2006 WL 2843492, at *2, 2006 CCA LEXIS 248, at 6, unpublished op. (A.F.Ct.Crim.App. 29 Sep 2006)(citing *United States v. Kilgore,* 44 C.M.R. 89, 1971 WL 12456 (C.M.A.1971)); *see United States v. Pinero,* No. 200101373, 2005 WL 80951, at *2–*3, 2005 CCA LEXIS 8, at 7, unpublished op. (N.M.Ct.Crim.App. 14 Jan. 2005)(*en banc*).

In the instant case, the military judge failed to explain the elements, relevant definitions or terms for any of the offenses. In particular, he omitted explanation of the legal concept of aiding and abetting as it specifically related to the appellant's guilt of introduction of methamphetamines with intent to dis-

tribute and obstructing justice. Instead, the military judge relied on the appellant's agreement that her defense counsel had properly explained the elements, definitions, and potential defenses for all the offenses. Record at 26, 28, 31.

We recognize that the five-page stipulation of fact was very detailed, setting forth a factual basis for most of the offenses. PE 1. At no time did the appellant or counsel ask any questions concerning, or express any confusion regarding, the elements, theory, terms, definitions, or possible defenses to the offenses.

### 3. Analysis

#### a. Commonly known offenses

Based on the entire record it appears the appellant clearly understood the elements and definitions pertaining to Specifications 3 and 4 of Charge II (using and distributing methamphetamines), Specifications 1 and 2 of the Second Additional Charge I (orders violations),[4] and, Specification 2 of the Second Additional Charge III (communicating a threat). In each instance, the appellant personally committed these offenses. There was no issue about the degree of her participation or her knowledge of whether an offense was occurring. Under the circumstances, we find these to be simple offenses whose elements are commonly known to servicemembers. *See Coffman,* 62 M.J. at 680. Accordingly, we find no prejudice to the appellant resulting from the military judge's failure to expressly explain the elements, terms, or definitions for those offenses.[5] *See Redlinski,* 58 M.J. at 119. The military judge's inquiry into these offenses meets the requirements of Article 45, UCMJ, 10 U.S.C. § 845, *Care* and its progeny. *See United States v. Barton,* 60 M.J. 62, 64–65 (C.A.A.F. 2004); *see also United States v. Care,* 40 C.M.R. 247, 1969 WL 6059 (C.M.A.1969).

---

**4.** Although the appellant neither stated the revised 6 May 2005 inception date of the order nor the actual dates she violated the order *as charged* in Specification 2 of the Second Additional Charge I, we nonetheless find the appellant's responses sufficiently admitted all the elements of that offense.

**5.** We still believe, however, that, regardless of the knowledge or complexity of an offense, had the military judge provided even a "technical listing" of the elements to the appellant many of the issues now before the court would have been resolved at the trial level. At the very least, advising an accused of all the elements of an offense is the proper method.

We therefore conclude the military judge did not abuse his discretion by accepting her guilty pleas to these specifications. *Holmes*, 65 M.J. at 687. The appellant's guilty pleas to these offenses were provident.

#### b. Complex offenses

■ The appellant's guilty pleas to Specification 7 of Charge II (introduction of methamphetamines with intent to distribute) and the Additional Charge (obstructing justice) are more problematic. To be provident, the appellant's pleas to those offenses must have been based not only on an understanding of the elements of the underlying introduction and obstruction offenses, *but also* on her understanding of the legal theory of aiding and abetting. *See* Art. 77, UCMJ. The military judge did not define important and potentially confusing terms such as "introduction," "wrongful," "principal," "aiding," "abetting," "conduct prejudicial to good order and discipline," or "discrediting conduct."

#### 1. Introduction with intent to distribute

The appellant admitted facts to support all the elements of introduction with intent to distribute under Article 112a, UCMJ.[6] PE 1; Record at 26–27. She admitted that on at least five occasions she voluntarily drove her car through the front gate with Private (Pvt) Navarro as a passenger, that methamphetamines were located in the car, and that she knew methamphetamines were in her car. *Id.* The stipulation of fact reflected that the introduction was with intent to distribute on base and that she knew both the introduction and intent to distribute were wrongful.

Although these facts cover the elements of Article 112a, UCMJ, the appellant pled guilty under an aiding and abetting theory. *See*

Art. 77, UCMJ. The only discussion on the record regarding that indirect legal theory consisted of the military judge obtaining the appellant's acknowledgement that her counsel explained Article 77, UCMJ, to her and that she understood and agreed with it. Record at 26. Notwithstanding trial defense counsel's efforts, we find this more indirect theory of liability is sufficiently complex to warrant specific explanation and questioning by the military judge. This is consistent with existing case law. *See Simmons*, 63 M.J. at 93–94; *Redlinski*, 58 M.J. at 119.

#### 2. Obstructing justice

With regard to obstructing justice the appellant admitted that Pvt Fausey offered to make a false statement exculpating her from any involvement in distributing drugs to him, that she agreed to this, and that she gave a written statement to her first sergeant in an attempt to get the distribution charges against her dropped.[7] PE 1; Record at 27–28. The appellant, however, did not admit that her conduct was wrongful or that it was either prejudicial to good order or service discrediting. *Id.* These missing elements alone render the appellant's guilty plea improvident. Moreover, as with her plea to the introduction, the appellant pled guilty to this offense under an aiding and abetting theory. *See* Art. 77, UCMJ.

We conclude, therefore, that a plea of guilty to any offense which is premised on an Article 77, UCMJ, theory of liability is sufficiently complex to require that the relevant elements and definitions be clearly explained by the military judge prior to acceptance of a guilty plea. We are mindful of the overwhelming evidence provided by the appellant which supports her admission to the introduction of methamphetamines with intent to

---

6. The elements of introduction of methamphetamines with intent to distribute under Article 112a, UCMJ, are: (1) That the appellant introduced a certain amount of a controlled substance; (2) That the introduction was wrongful; and (3) That the introduction was with the intent to distribute. MANUAL FOR COURTS-MARTIAL, UNITED STATES (2002 ed.), Part IV, ¶ 37(b)(6).

7. The elements of obstruction of justice under Article 134, UCMJ, 10 U.S.C. § 934, are: (1) That the appellant wrongfully did a certain act;

(2) That the appellant did so in the case of a certain person against whom the appellant had reason to believe there were or would be criminal proceedings pending; (3) That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and (4) That under the circumstances, the conduct of the appellant was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. MCM, Part IV, ¶ 96(b).

distribute. But because the military judge did not explain the relevant elements and definitions we find the appellant's guilty pleas to Specification 7 of Charge II (introduction of methamphetamines with intent to distribute) and the Additional Charge (obstructing justice) to be improvident.[8]

**Conclusion**

Accordingly, the findings of guilty as to Specification 7 of Charge II (introduction of methamphetamines with intent to distribute) and the Additional Charge (obstructing justice) are set aside. We have reassessed the sentence and find that the sentence received by the appellant would not have been any less even if she had not been found guilty of these two offenses and the reassessed sentence is free of any prejudice caused by the trial error. *See United States v. Moffeit*, 63 M.J. 40, 41 (C.A.A.F.2006); *United States v. Sales*, 22 M.J. 305, 308 (C.M.A.1986). We are confident that the minimum sentence for the remaining offenses would have included at least confinement for seven months, forfeiture of $800.00 pay per month for eight months, reduction to pay grade E–1, and a bad-conduct discharge. *See United States v. Buber*, 62 M.J. 476, 478–79 (C.A.A.F.2006). We further find that the sentence is appropriate for this offender and the remaining offenses. *See United States v. Baier*, 60 M.J. 382, 384–85 (C.A.A.F.2005); *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988); *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982). The remaining approved findings of guilty and the approved sentence are affirmed. The supplemental court-martial promulgating order will correctly reflect the appellant's charges, specifications, pleas, and findings.[9]

Senior Judge GEISER and Judge MITCHELL concur.

---

8. Specified Issues IV and V are moot.

9. Although we agree with counsel's decision not to raise this as an assignment of error, we note that there were numerous, minor, scrivener's errors in the promulgating order, as well as the staff judge advocate's recommendation. The appellant does not assert, and we do not find, prejudice from these scrivener's errors. The appellant is, however, entitled to accurate records of her court-martial.