# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, HARRELL, and KORN
Appellate Military Judges

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jonathan A. ROJAS**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202400184**

————————————

Decided: 20 January 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Adam M. King

Sentence adjudged 15 March 2022 by a special court-martial tried at Marine Corps Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for 126 days and reduction to paygrade E-1.[1]

For Appellant:
*Commander Lindsay W. Pepi, JAGC, USN*

For Appellee:
*Lieutenant K. Matthew Parker, JAGC, USN*
*Major Mary Claire Finnen, USMC*

———————————

[1] Appellant was credited with 71 days of pretrial confinement.

Chief Judge DALY delivered the opinion of the Court, in which Senior Judge HARRELL and Judge KORN joined.[2]

———————————————

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

———————————————

DALY, Chief Judge:

Appellant was convicted, consistent with his pleas, of two specifications of failing to obey a lawful order and one specification of violating a lawful general order, in violation of Article 92, Uniform Code of Military Justice (UCMJ).[3]

Appellant raised two assignments of error (AOEs): (1) whether the military judge abused his discretion in accepting Appellant's plea of guilty to Specification 3 of Charge I because there was an inadequate legal and factual basis to support Appellant's mens rea, which resulted in a strict liability offense; and (2) whether the Entry of Judgment is deficient because it does not accurately reflect the disposition of the charges, in accordance with R.C.M. 1111(b)(1)(A), as it fails to identify the lawful general order violated in Charge I, Specification 3, and in the Specification of the Additional Charge. We find no prejudicial error and affirm the findings and sentence. However, we answer the second AOE in the affirmative, and we take action in the decretal paragraph.

## I. BACKGROUND

Appellant was stationed in Okinawa, Japan, and assigned to the 4th Marine Regiment, 3d Marine Division. On 22 December 2021, the regiment's Executive Officer issued an order placing Appellant under Restriction of Movement (ROM) for two weeks, mandating Appellant remain in his barracks until he received authorization from his command to leave. This order was issued following Appellant's close contact with a Marine who tested positive for

---

[2] The Court is grateful for the assistance of Ms. Claire F. McDonnell in drafting this opinion.

[3] 10 U.S.C. § 892.

COVID-19.[4] Appellant was notified of and understood this order on 22 December 2021.[5] On 29 December 2021, Appellant went to an off-base bar, in violation of the ROM order.[6]

On 30 December 2021, Appellant's Executive Officer ordered him into Tier 3 liberty status, per Marine Forces Japan Order 1050.1A.[7] Marine Forces Japan Order 1050.1A states that for any Marine or Sailor in Tier 3 liberty status, "Off-installation liberty is not authorized. Alcohol consumption is not authorized."[8] Appellant knew of and understood this order on 30 December 2021.[9] There is no dispute that Marine Forces Japan Order 1050.1A constituted a lawful general order under Article 92, UCMJ.[10] Appellant's Executive Officer further ordered Appellant to remain in his room until he was authorized by his command to leave.[11] On 1 January 2021, Appellant went on a walk off base, in violation of his Tier 3 liberty status and without authorization from his chain of command.[12]

During the providence inquiry at Appellant's guilty plea, the military judge listed the elements of the offense in Specification 3 of Charge I, Violation of a Lawful General Order. Regarding the third element, the military judge stated that "on or about 1 January 2022, at or near Okinawa, Japan, you violated this lawful general order by wrongfully and recklessly engaging in off-installation liberty while in a Tier 3 liberty status."[13]

Both parties agreed at trial that the requisite mens rea for Specification 3 of Charge I was "reckless."[14] The military judge proceeded to define "reckless" as when a person acts "knowing there is a substantial and unjustifiable risk

---

[4] Pros. Ex. 2 at 1.

[5] Pros. Ex. 2 at 1.

[6] R. at 40.

[7] Pros. Ex. 2 at 2; *LIBERTY REGULATIONS*, para. 4.c.(1)(c) (Mar. 22, 2019).

[8] App. Ex. IV at 2.

[9] Pros. Ex. 2 at 2.

[10] R. at 66-67.

[11] Pros. Ex. 2 at 2; R. at 50, 59.

[12] R. at 47.

[13] R. at 63.

[14] R. at 16-17.

that the social harm[ ] [the] law was designed to prevent would occur and ignored this risk when engaging in the prohibited conduct."[15] The military judge did not define "wrongfully."[16]

The military judge instructed Appellant to explain why he was guilty of the offense in Specification 3 of Charge I.[17] Appellant answered, "I had gone off base when I was not supposed to and I was on liberty 3 status."[18] The military judge then asked Appellant whether he believed that failure to follow the order was reckless and wrongful.[19] Appellant responded, "Yes . . . . I was given an order not to leave base and I did not follow it . . . ."[20] Appellant further acknowledged that no one forced or coerced him into violating the order.[21] The military judge found Appellant's guilty plea to be provident and accepted the plea.[22]

## II. DISCUSSION

### A. The military judge did not abuse his discretion in accepting Appellant's plea of guilty to Specification 3 of Charge I because there was an adequate legal and factual basis to support Appellant's mens rea.

Appellant argues that: (1) the record contains insufficient facts to support that Appellant's behavior was reckless when he violated Marine Forces Japan Order 1050.1A; and (2) the military judge provided incorrect elements regarding Charge I, Specification 3 such that there exist insufficient facts to support that Appellant understood how his actions were "wrongful and reckless."[23]

We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo.[24] A mili-

---

[15] R. at 63.

[16] R. at 63.

[17] R. at 64.

[18] R. at 64.

[19] R. at 67.

[20] R. at 67-68.

[21] R. at 68.

[22] R. at 85.

[23] Appellant's Brief at 17.

[24] *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

tary judge abuses his discretion if he fails to obtain from the accused an adequate factual basis to support the plea.[25] In reviewing a military judge's acceptance of a plea for an abuse of discretion, we must determine whether the record shows a substantial basis in law and fact for questioning the guilty plea.[26]

A defendant who enters a guilty plea relinquishes certain constitutional rights, including "his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers."[27] "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."[28]

Before accepting a guilty plea, the military judge must explain the elements of the offense and ensure that a factual basis for the plea exists.[29] An adequate factual basis for a guilty plea is sufficiently established if the factual circumstances revealed by the accused objectively support that plea.[30] Recitations of conclusions of law are insufficient.[31] When determining the adequacy of a plea, we consider the entire record, not solely the providence inquiry.[32]

Appellant contends that because the military judge did not inquire into his mental state regarding the element of recklessness, the military judge failed to elicit a factual basis to support the element of recklessness. However, as established by *United States v. Jones*, a military judge's failure to explain each and every element of an offense is not "reversible error if it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty."[33] "Rather than focusing on a technical listing of elements of the offense," we look "at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or

---

[25] *Id.*

[26] *Id.*

[27] *United States v. Care*, 18 C.M.A. 535, 539-40, 40 C.M.R. 247, 250 (C.M.A. 1969) (quoting *McCarthy v. United States*, 394 U.S. 459, 466 (1969)).

[28] *Id.* at 251 (quoting *McCarthy*, 394 U.S. at 466).

[29] *United States v. Barton*, 60 M.J. 62, 64 (C.A.A.F. 2004).

[30] *United States v. Flores-Rivas*, 80 M.J. 547, 551 (N-M. Ct. Crim. App. 2020) (citing *United States v. Ferguson*, 68 M.J. 431, 434 (C.A.A.F. 2010)).

[31] *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996).

[32] *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2022).

[33] 34 M.J. 270, 272 (C.M.A. 1992).

inferentially."[34] For example, in *United States v. Caudill*, the military judge "failed to explain the elements, relevant definitions, or terms for any of the offenses."[35] However, because the appellant admitted facts during the providence inquiry that supported all of the elements of the offense the appellant was charged with, this Court found the plea to be provident.[36]

In the case before us, Appellant was convicted of violating Marine Forces Japan Order 1050.1A, in violation of Article 92, UCMJ.[37] The elements of Article 92, UCMJ, for violation of or failure to obey a lawful general order or regulation are:

> (a) That there was in effect a certain lawful general order or regulation;
>
> (b) That the accused had a duty to obey it; and
>
> (c) That the accused violated or failed to obey the order or regulation.[38]

The military judge listed the elements of the offense as follows:

> One, that there was in effect, a lawful general order, to wit, Paragraph 4(c)(1)(c) of Marine Forces Japan Order 1050.1A dated 22 March 2019; . . . element number two, that you had a duty to obey such order; and [e]lement number three, that on or about 1 January 2022, at or near Okinawa, Japan, you violated this lawful general order by *wrongfully and recklessly* engaging in off-installation liberty while in a tier 3 liberty status.[39]

*1. The record contains sufficient facts to establish that Appellant's actions were reckless.*

Appellant argues that the record contains insufficient facts to support that his behavior was reckless when he violated Marine Forces Japan Order 1050.1A. Specifically, Appellant argues that the military judge failed to "elicit any facts regarding the substantial risk or social harm caused by Appellant's

---

[34] *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003).

[35] 65 M.J. 756, 759 (N-M. Ct. Crim. App. 2007).

[36] *Id.* at 760.

[37] Entry of Judgment at 1.

[38] *Manual for Courts-Martial, United States* (2019 ed.), pt. IV, para. 18 at IV-27.

[39] R. at 62-63 (emphasis added).

act."[40] "The question here, is whether the record says enough to objectively support an admission to each element of the offense."[41] We find it does.

Although part IV of the Manual for Courts-Martial is silent on the required mens rea for violation of a general order, the military judge stated that the parties "agreed that the minimum mens rea required for Specification[] 3 . . . is 'reckless.' "[42]

Appellant's argument that the military judge abused his discretion in accepting Appellant's plea of guilty to Specification 3 of Charge I is two-fold: (A) the record contains insufficient facts to support that Appellant's behavior was reckless; and (B) the record contains insufficient facts to support that Appellant understood how his actions were wrongful and reckless.

The record indicates that the military judge properly defined "reckless" conduct to Appellant; and the factual circumstances as described by Appellant during the providence inquiry and in the stipulation of fact objectively support Appellant's plea.

Here, the military judge explained to Appellant that "a person acts recklessly when he knows there is a substantial and unjustifiable risk that the social harm[ ] [the] law was designed to prevent would occur and ignored this risk when engaging in the prohibited conduct."[43] When asked by the military judge whether he understood the elements and definitions, Appellant responded affirmatively.[44]

During the providence inquiry, Appellant described the factual circumstances of the offense:

> MJ: [H]ow did you violate this order on 1 January 2022?
>
> ACC: I left base on tier 3 status, sir, when I was not supposed to.
>
> MJ: Do you believe and admit that failure to follow this order was reckless and wrongful?

---

[40] Appellant's Brief at 15.

[41] *Barton*, 60 M.J. at 65.

[42] R. at 16.

[43] R. at 63; *See also United States v. Haverty*, 76 M.J. 199, 204-05 (C.A.A.F. 2017) (citing *Recklessly, Black's Law Dictionary* (10th ed. 2014) ("In such a manner that the actor knew that there was a substantial and unjustifiable risk that the social harm the law was designed to prevent would occur and ignored this risk when engaging in the prohibited conduct.")).

[44] R. at 64.

ACC: Yes, sir.

MJ: And explain to me, in your words, why you feel that way.

ACC: I was given an order to not leave base and I did not follow it, sir.

MJ: Could you have followed the order if you had wanted to?

ACC: Yes, sir.

MJ: Did anyone force or coerce you into violating this order?

ACC: No, sir.[45]

As shown in Appellant's colloquy with the military judge, Appellant clearly knew that he was subject to an order prohibiting him from engaging in off-installation liberty, yet engaged in off-installation liberty anyway. In the stipulation of fact, Appellant fully agreed that "the criminal acts leading to the charges above were acts that he *specifically intended to commit.*"[46]

Appellant admitted that Marine Forces Japan Order 1050.1A was "reasonably necessary to safeguard and protect the morale, discipline, and usefulness of the members of a command."[47] By understanding that the order was necessary for morale, discipline, and usefulness of the members of his command, Appellant was aware of the social harm associated with violating that order.

Importantly, violation of a lawful order has been found to be a "simple [offense] whose elements are commonly known to servicemembers."[48] This reduces the concern that, when military judges do not properly list the elements of an offense, there will be "unresolved substantial inconsistencies in the pleas and/or raise questions concerning whether the Appellant was armed with sufficient information to knowingly plead guilty."[49]

Here, there is nothing in the record to suggest that Appellant did not understand what he was pleading guilty to. Appellant admitted that he: (1) thoroughly read through and signed his plea agreement; (2) understood the contents of the plea agreement; and (3) was not forced to into enter into the plea agreement.[50] Appellant read and signed the stipulation of fact, and the facts

---

[45] R. at 67-68.

[46] Pros. Ex. 2 at 3 (emphasis added).

[47] R. at 61.

[48] *Caudill,* 65 M.J. at 759.

[49] *United States v. Coffman,* 62 M.J. 676, 680 (N-M. Ct. Crim. App. 2006).

[50] R. at 82-83.

he provided during the providence inquiry match the legal elements of the offense he was pleading guilty to.

Appellant's explanation to the military judge provided a sufficient factual predicate that Appellant recklessly violated the general order. Thus, based on the providence inquiry and the facts contained in the stipulation of fact, we conclude that the military judge's determination that a factual basis existed for Appellant's guilty plea to Specification 3 of Charge I was not an abuse of discretion.

Additionally, although the military judge advised Appellant of the minimum mens rea of recklessness,[51] the record indicates that Appellant *intentionally* violated the order by engaging in off-installation liberty while prohibited from doing so, thereby providing a sufficient factual basis to establish the lower mens rea of recklessness.[52]

A military judge is not required to elicit conclusions of law from the accused.[53] What is crucial is that a military judge's inquiry elicits facts that "support the conclusions of law and it is clear that the accused believes the facts and believes that he is guilty."[54] Here, we are satisfied that Appellant understood the elements of violating a lawful general order. Appellant clearly understood that he was prohibited from engaging in off-installation liberty, yet went to an off-base bar anyway, as established by the stipulation of fact and the providence inquiry.

*2. The record contains sufficient facts to establish that Appellant's actions were wrongful.*

"Wrongful" is defined as an act "without legal justification or authorization."[55] The record reveals that Appellant wrongfully violated Marine Forces

---

[51] *See* App. Ex. IV at 7 ("Reckless, knowing, or intentional violations of this order are punishable under Article 92, UCMJ . . . ."); *United States v. Gifford*, 75 M.J. 140, 147 (C.A.A.F. 2016) ("[R]ecklessness is the lowest *mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct.") (internal quotation marks omitted) (citing *Elonis v. United States*, 575 U.S. 723, 736 (2015)).

[52] *See* Model Penal Code § 2.02(5) (Am. Law. Inst. 1962) ("When recklessness suffices to establish an element, such element also is established if a person acts purposely or knowingly."). Our superior court has "historically looked to [the Model Penal Code for] external guidance." *Gifford*, 75 M.J. at 147-48 (citation omitted).

[53] *United States v. Bazan*, 7 M.J. 694, 695 (N.C.M.R. 1979).

[54] *Id.*

[55] *See United States v. Thomas*, 65 M.J. 132, 133 (C.A.A.F. 2007).

Japan Order 1050.1A because he violated the order without legal justification or authorization. At no time did Appellant ask any questions concerning or express any confusion regarding the elements and terms of the offense in Specification 3 of Charge I. There was no question that Appellant had a duty to obey Marine Forces Japan Order 1050.1A, and there were no applicable exceptions to the order.

We review "the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially."[56] A military judge's failure to define a legal term does not automatically render a plea improvident.[57]

Even though the military judge did not define what wrongful behavior was, the facts in the record demonstrate that Appellant understood the wrongfulness of his conduct in willfully leaving the base while prohibited from doing so. During the providence inquiry, Appellant admitted that he was not forced or coerced into violating the order, and that he could have followed the order if he wanted to.[58] Appellant deliberately chose to violate an order without any legal justification. Indeed, the stipulation of fact says that Appellant "has no legal justification or excuse for these acts."[59]

Accordingly, our review of the entire record reveals no substantial basis in law or fact to question Appellant's guilty plea to this offense.

## B. The Entry of Judgment should be modified.

Appellant is correct that the EOJ does not comply with R.C.M 1111(b)(1)(A) because it omits the specific order Appellant violated in the summaries of Specification 3 of Charge I and the sole specification of the Additional Charge. Although no prejudice resulted from this error, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding, and we therefore modify the EOJ to include the specific order at issue.[60]

---

[56] *Caudill*, 65 M.J. at 759 (citing *Redlinski*, 58 M.J. at 119).

[57] *Coffman*, 62 M.J. at 680 ("Where the elements of an offense, or defenses, are commonly known by most servicemembers, however, it is not necessary for the military judge to explain them, if it is otherwise apparent on the record that the accused understood the elements or the defense.") (citing *United States v. Nystrom*, 39 M.J. 698, 701 (N.M.C.M.R. 1993)).

[58] R. at 68.

[59] Pros. Ex. 2 at 4.

[60] *See United States v. Wadaa*, 84 M.J. 652 (N-M. Ct. Crim. App. 2024).

### III. CONCLUSION

In accordance with R.C.M. 1111(c)(2), we modify the EOJ and direct that it be included in the record. Upon modification of the EOJ, and after careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and that no error materially prejudicial to Appellant's substantial rights occurred.[61]

The findings and sentence are AFFIRMED.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[61] Articles 59 & 66, UCMJ.

# United States Navy–Marine Corps Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202400184 |
| v. | **ENTRY OF JUDGMENT** |
| **Jonathan A. ROJAS** **Lance Corporal (E-3)** **U.S. Marine Corps** *Accused* | *As Modified on Appeal* **20 January 2026** |

On 15 March 2022, the Accused was tried at Marine Corps Camp Foster, Okinawa, Japan, by special court-martial consisting of a military judge sitting alone. Military Judge Adam M. King presided.

## FINDINGS

The following are the Accused's pleas and the Court's finding to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 1:** **Failure to obey other lawful order on or about 29 December 2021.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 2:** **Failure to obey other lawful order on or about 1 January 2022.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification 3:** **Violation of a lawful general order, paragraph 4.c.(1)(c), MARFORJO 1050.1A, dated 22 March 2019, on or about 1 January 2022.**

*Plea:* Guilty.

*Finding:* Guilty.

**Charge II:** **Violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification:** **Wrongful appropriation on or about 30 December 2021.**

*Plea:* Not Guilty.

*Finding*: Withdrawn and dismissed.

**Charge III:** **Violation of Article 113, Uniform Code of Military Justice, 10 U.S.C. § 913.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification:** **Drunken operation of a vehicle on or about 30 December 2021.**

*Plea:* Not Guilty.

*Finding*: Withdrawn and dismissed.

**Charge IV:** **Violation of Article 111, Uniform Code of Military Justice, 10 U.S.C. § 911.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification:** **Leaving the scene of a vehicle accident on or about 30 December 2021.**

*Plea:* Not Guilty.

*Finding*: Withdrawn and dismissed.

**Additional Charge: Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

**Specification:** **Violation of a lawful general order, paragraph 4.c.(1)(c), MARFORJO 1050.1A, dated 22 March 2019, on or about 11 February 2022.**

*Plea:* Not Guilty.

*Finding:* Withdrawn and dismissed.

## SENTENCE

On 15 March 2022, the military judge sentenced the Accused to the following:

**Reduction to E-1**.

**Confinement for a total of 126 days, as follows:**

*For Specification 1 of Charge I:*
confinement for 126 days.

*For Specification 2 of Charge I:*
confinement for 126 days.

*For Specification 3 of Charge I:*
confinement for 126 days.

The terms of confinement will run consecutively.

The Accused has served 71 days of pretrial confinement and shall be credited with 71 days of confinement already served, to be deducted from the adjudged sentence to confinement.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court